1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF ARIZONA

8
9   Paige Kinney,

10                          Petitioner,

11   v.

12   United States of America,

13                          Respondent.

No.  CV-13-00510-PHX-NVW
      CR-10-00796-PHX-NVW

**ORDER**
**and**
**DENIAL OF CERTIFICATE OF
APPEALABILITY AND IN FORMA
PAUPERIS STATUS**

14
15        Before the Court are Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set

16   Aside or Correct Sentence by Person in Federal Custody (Doc. 1), United States

17   Magistrate Judge Bridget S. Bade's Report and Recommendation (Doc. 18), Petitioner's

18   Objections to the Magistrate's Report and Recommendation (Doc. 21), and the United

19   States' Limited Response to Defendant's Objection to Magistrate Judge's Report and

     Recommendation (Doc. 23).

20        In CR-10-00796-PHX-NVW ("2010 case") and CR-11-00491-PHX-NVW ("2011

21   case"), Defendant pleaded guilty pursuant to written plea agreements in which she

22   waived any right to collaterally attack her convictions and sentences under 28 U.S.C.

23   § 2255.   During the change-of-plea proceeding before Magistrate Judge David K.

24   Duncan, Defendant stated that she had read both plea agreements, understood them, had

25   opportunity to discuss them with counsel, and had not been forced or threatened to plead

26   guilty.  During the sentencing proceeding, the Court summarized the terms of each plea

27   agreement, and counsel confirmed the accuracy of each summary.

28

In each plea agreement Defendant acknowledged that the United States Sentencing Guidelines are only advisory and that after considering the Sentencing Guidelines, the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.  The plea agreements stated Defendant could receive a maximum sentence of 40 years in the 2010 case and a maximum sentence of 170 years in the 2011 case.

Under the written plea agreements, the parties stipulated that for the purposes of considering the Sentencing Guidelines in the 2010 case the total loss amount was assumed to be between $2,500,000 and $7,000,000, Defendant's sentence in the 2010 case would not exceed 120 months, and Defendant's sentence in the 2011 case would not exceed 60 months.  The plea agreements stated that the parties had no agreement on whether the sentence imposed in the 2011 case would run consecutive to or concurrent with the sentence imposed in the 2010 case.  During the sentencing proceeding, the parties acknowledged that the sentences were required by statute to run consecutively because the offenses in the 2011 case were committed while on pretrial release, but the Court had discretion to impose consecutive sentences that would not exceed the limits stated in the plea agreements.

Regarding the 2010 case, the Court questioned the presentence report writer regarding a mathematical computation, and the writer acknowledged a computational error.  The record shows that the Court did not rely on the presentence report's erroneous computation.

The presentence report for the 2010 case rejected the plea agreement's three-level downward adjustment for acceptance of responsibility because Defendant committed new crimes while on pretrial release, and the Court agreed she should not receive credit for acceptance of responsibility.  However, finding that the parties had in good faith thought acceptance of responsibility was available, they agreed to it, and Defendant relied on that agreement, the Court invited the government to authorize the Court to give Defendant a

three-level variance initiated by the government and in lieu of credit for acceptance of responsibility. The government did so, and the Court granted the three-level variance to protect Defendant's reliance.

The presentence report for the 2010 case also recommended finding a loss level of at least $20 million instead of between $2,500,000 and $7,000,000 as stated in the plea agreement. After lengthy discussion and concluding that the real force of the plea agreement was to limit the sentence for the 2010 case to 120 months, the Court accepted the parties' agreement to limit the loss level to $7,000,000 for the purpose of considering the Sentencing Guidelines. As a result, the Court sentenced Defendant to 120 months in prison for the 2010 case. The Court also accepted the plea agreement for the 2011 case and sentenced Defendant to 60 months in prison to be served consecutive to the sentence imposed in the 2010 case. Defense counsel for each of the cases stated on the record that the sentences complied with the plea agreements.

The Court has considered Petitioner's objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the Court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). The Court accepts the magistrate judge's recommended disposition within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

IT IS THEREFORE ORDERED that the Report and Recommendation of Magistrate Judge Bridget S. Bade (Doc. 18) to deny and dismiss Petitioner's motion under 28 U.S.C. § 2255 is accepted.

IT IS FURTHER ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody (Doc. 1) is denied and dismissed with prejudice.

1

2     IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment

3   accordingly and terminate this action.

4     Having considered the issuance of a Certificate of Appealability from the order

5   denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct

6   Sentence by Person in Federal Custody, the Court FINDS:  Certificate of Appealability

7   and leave to proceed in forma pauperis on appeal are DENIED because Petitioner has not

8   made a substantial showing of the denial of a constitutional right.  *See* Rule 11(a), Rules

9   Governing Section 2255 Cases in the United States District Courts; 28 U.S.C.

10  § 2253(c)(3).

11    Dated this 26th day of June, 2014.

12

13

14  _____

15                 Neil V. Wake
                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28